**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 10, 2026**

# In the Court of Appeals of Georgia

A25A2126. BOWEN v. CITY OF ALBANY.
A26A0473. FRAZIER v. CITY OF ALBANY.

MARKLE, Judge.

These related cases arise from a vehicular accident involving an officer from the City of Albany Police Department. William Bowen and Mary Sellena Frazier (collectively, "Appellants"), both of whom allegedly suffered injuries in the accident, submitted their ante litem notices to the City of Albany ("the City"), pursuant to OCGA § 36-33-5. The trial court granted the City's motions to dismiss both of Appellants' subsequent tort actions, concluding that the ante litem notices did not satisfy the requirements of the statute. On appeal, Appellants contend their ante litem notices contained the requisite offer of compromise under OCGA § 36-33-5(b) and (e). For the reasons that follow, we agree and reverse the trial court's judgments.

"We review the denial of a motion to dismiss de novo and, in so doing, construe the pleadings in a light most favorable to the plaintiff, with any doubts resolved in the plaintiff's favor." *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020).

So viewed, the complaints allege that, in May 2024, Frazier was driving a school bus carrying middle school students and faculty, including Bowen, to a track meet in Albany, Georgia. While proceeding through an intersection, a City police officer driving a patrol car ran a red light and crashed into the front of the bus, causing severe injuries to both Bowen and Frazier. Thereafter, Appellants submitted separate ante litem notices to the City,[1] in which they provided the details of the accident and the extent of their injuries, and claimed the injuries were a result of the officer's negligence for which the City was liable.

In his notice, Bowen stated that he was "seeking compensation for his medical expenses, pain and suffering, permanent disability, diminished earning capacity, lost wages, and any other damages allowed under Georgia law," and that the notice served

---

[1] The timeliness of the ante litem notices is not at issue in these appeals. See OCGA § 36-33-5(b) (requiring service of an ante litem notice within six months of the event forming the basis of the claim).

to inform the City of his "personal injury claim, damages, and demand." He indicated that he had incurred medical bills in the total amount of $13,061, and that the estimated cost for his future medical care as a result of the accident was $200,000. Critical to this appeal, the notice then provided: "For the purposes of OCGA § 36-33-5(b), we value this claim at $500,000." Finally, the notice provided that its purpose was "to afford the City ... sufficient information to allow an investigation of these claims, and to adjust and settle these claims if they so desire. Mr. Bowen makes this demand in good faith based upon the known damages suffered to date."

Frazier's notice contained substantially similar language. However, she indicated that she had incurred medical bills in the total amount of $68,439.84, and that the estimated cost of her future medical care and missed time from work exceeded $175,000. Her notice provided: "For the purposes of OCGA § 36-33-5(b), we value this claim at $1,000,000."

When the City did not respond to the ante litem notices, Appellants filed separate negligence suits against it. The City moved to dismiss the complaints, contending, among other things, that the notices did not include the required offer of compromise under OCGA § 36-33-5(e). The trial court granted the motions and

dismissed the actions, concluding that "[h]ow much a plaintiff 'values' a claim is not the same as what a plaintiff will accept in compromise of said claim." These appeals followed.

*Case No. A25A2126*

1. Bowen claims the trial court erred in dismissing his action because the ante litem notice included an offer of compromise as required by OCGA § 36-33-5(e). We agree.

Looking to the language of the ante litem statute, our focus is "on the plain and ordinary meaning of legal text rather than its literal or hyper-technical meaning." *Burts v. City of Atlanta*, 376 Ga. App. 582, 583 (920 SE2d 368) (2025) (citing *Fleureme v. City of Atlanta*, 322 Ga. 180. 185(2)(a) (917 SE2d 593) (2025)). In this light, under OCGA § 36-33-5(b), an injured party must first "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." Otherwise, any suit against the municipality arising from the injury is barred. Id. See also OCGA § 36-33-5(a) ("No person ... having a claim for money damages against any municipal corporation on account of injuries to person or

property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section."). OCGA § 36-33-5(c) affords the municipality 30 days to consider the ante litem notice and settle the claim before the claimant may proceed to file suit. OCGA § 36-33-5(e), at issue here, provides:

> The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

In construing the language of this subsection, we have explained that

> a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality. It is important to note that OCGA § 36-33-5 (e) does not require a potential plaintiff to provide the actual dollar amount of the damages allegedly incurred, which might be difficult to quantify. Instead, the provision requires the ante litem notice to provide the specific amount of monetary damages being sought from the city, i.e., a settlement offer. Indeed, this Court has explained that there

is a difference between the amount of damages incurred and the amount of damages claimed for purposes of the ante litem notice statute.

*City of Blue Ridge v. BR 01035, LLC*, 377 Ga. App. 528, 529-30 (923 SE2d 48) (2025) (citation modified).

Here, the trial court determined that Bowen's ante litem notice did not meet the specificity requirement in OCGA § 36-33-5(e) because, in its interpretation, the statement "we value this claim at $500,000" does not indicate that Bowen would be willing to settle his claim for that specific amount; therefore, the City would not know it is an offer to compromise awaiting its acceptance. *City of Blue Ridge,* 377 Ga. App. at 529-30. In finding the ante litem notice insufficient because it did not specify that Bowen was *seeking* $500,000 to settle his claim, the trial strictly construed the language of OCGA § 36-33-5(e). See *Berlin v. City of Atlanta Urban Design Comm'n*, 376 Ga. App. 230, 233(1) (918 SE2d 418) (2025) ("This conclusion is important because it determines whether the [municipal agency's] hearings ... were subject to strict compliance or merely substantial compliance."). In this respect, the trial court erred.

Notably, in *Fleureme*, our Supreme Court explained that its "precedent ... reaching back more than a century has held that *substantial compliance* with the municipal ante litem notice statute is all that is required." 322 Ga. at 186-87(2)(b) (citation modified) (disapproving *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 891(1) (825 SE2d 385) (2019), because it was "without any basis for its holding that '*strict compliance* with OCGA § 36-33-5 (f)[2] is required'") (emphasis added). See OCGA § 1-3-1(c) ("A substantial compliance with any statutory requirement ... shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law."). See also *Burts*, 376 Ga. App. at 583; *City of Blue Ridge,* 377 Ga. App. at 529. But see *Villeda v. City of Morven*, 377 Ga. App. 245, 246 (922 SE2d 128) (2025) (concluding Supreme Court of Georgia merely suggested substantial, and not strict, compliance applied to OCGA § 36-33-5(f), and did not decide this issue in *Fleureme*).[3] "Substantial compliance means that

---

[2] Subsection (e) and (f) were added to OCGA § 36-33-5 in 2014. See *Fleureme*, 322 Ga. at 183(2)(a); Ga. L. 2014, pp. 125-126, § 1.

[3] In *Fleureme*, our Supreme Court clearly eschewed literal, "hyper-technical" methods of statutory interpretation, even when strict compliance applies. 322 Ga. at

absolute exactness need not be had, but it still requires substantive" compliance with the statute. *Fleureme*, 322 Ga. at 187(2)(b) (citation modified).

Here, Bowen's ante litem notice, when read in its entirety, substantially complied with OCGA § 36-33-5(e). See *City of Blue Ridge*, 377 Ga. App. at 530 (looking to the language and context of the ante litem notice as a whole in determining it did not substantially comply with OCGA § 36-33-5(e)). First, the notice stated a finite, "specific amount of monetary damages" — $500,000 — without any qualifier to indicate the number was either an estimate or equivocal. OCGA § 36-33-5(e). See *Chandler*, 354 Ga. App. at 259, 261 (ante litem notice providing plaintiff "will seek to recover $1,000,000.00 … in monetary damages" satisfied specificity requirement of OCGA § 35-33-5(e)).[4] Compare *Davis v. City of Valdosta*, 357 Ga. App. 900, 901-02

---

187(2)(b). See also *Chandler*, 354 Ga. App. at 262. And, here, the plain and ordinary language of OCGA § 36-33-5(e) simply does not mandate the use of "magic words" to convey an offer of compromise — other than its requirement that the amount of damages be stated with specificity. See *Fleureme*, 322 Ga. at 184-186(2)(a); *Burts*, 376Ga. App. at 583. Moreover, the City concedes it is not seeking the application of a strict compliance standard.

[4] We decline to overturn *Chandler* as the City urges. Additionally, we are not persuaded by the City's insistence that Bowen's ante litem notice was insufficient

(852 SE2d 859) (2020) (claim for damages including $30,000 for medical bills and general damages "in an amount *not less than* $20,000.00" failed to comply with statutory specificity requirment) (emphasis added); *Picklesimer v. City of Eatonton*, 356 Ga. App. 504, 505-506 (847 SE2d 863) (2020) (statement that plaintiffs "reasonably expect that the total damages suffered as a result of this incident are *likely to exceed* $100,000.00" was not "a settlement offer which the city could have accepted as contemplated by the unambiguous language of OCGA § 36-33-5(e).") (citation modified); *Pickens v. City of Waco*, 352 Ga. App. 37, 38, 43-44(1) (833 SE2d 713) (2019) (ante litem notice providing "the value of this claim *may exceed* $300,000.00" was too indefinite to constitute a settlement offer under statute) (emphasis added); *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 294-97(1) (834 SE2d 358) (2019) (ante litem notice stating, "While our investigation is still ongoing, we believe that the

---

because it merely stated the "damages incurred" and not "the damages claimed" for purposes of settlement. See *City of Blue Ridge,* 377 Ga. App. at 530. To the contrary, the notice differentiates between the amount of the medical bills actually incurred ($13,061 in total), the estimate of future medical costs (to exceed $200,000), and the specific value of his claim — $500,000, which exceeds both of those measures of damages, and includes damages for pain and suffering, lost wages, and lost earning capacity.

value of this claim *may exceed* $250,000.00" did not comply with OCGA § 36-33-5 (e))
(emphasis added).

Second, Bowen's use of the word "value" substantially complies with OCGA §
36-33-5(e). Importantly, the ante litem notice twice characterizes itself as a
"demand," and indicates its purpose is "to afford the City ... sufficient information
to allow an investigation of these claims, *and to adjust and settle these claims if they so
desire.*" In this context, the statement, "we value this claim at $500,000" cannot be
read as a mere statement of valuation. Rather, it conveys a "specific amount of
monetary damages being sought from" the City. OCGA § 36-33-5(e). See *Demand*,
M e r r i a m - W e b s t e r   D i c t i o n a r y ,
https://www.merriam-webster.com/dictionary/demand (last visited 2/2/2026)
("something claimed as due or owed"); *Demand*, Black's Law Dictionary (12th ed.
2024) ("To claim as one's due; to require; to seek relief."). Accordingly, the trial
court erred in concluding the ante litem notice was deficient, and we reverse.

### Case No. A26A0473

2. In light of the above decision, we conclude that Frazier's nearly identical ante
litem notice substantially complied with OCGA § 36-33-5(e). And, we reverse the trial

court's judgment to the contrary as it was based on the same reasoning addressed above.

*Judgments reversed. Doyle, P. J., and Padgett, J., concur.*